

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 28, 2008**                    **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| ROBERT WARREN PAIGE, | § | CASE NO. 04-20147-RLJ-7 |
| | § | |
| Debtor | § | |

_____

| | | |
|---|---|---|
| KENT RIES, Trustee | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | ADVERSARY NO. 07-2015 |
| | § | |
| ROBERT WARREN PAIGE and | § | |
| LADON PAIGE, | § | |
| | § | |
| Defendants | § | |

## MEMORANDUM OPINION AND ORDER

Robert Warren Paige, the defendant and debtor in these proceedings, filed his motion requesting that the Court stay trial and discovery until after the expiration of potentially applicable criminal statutes of limitation or, alternatively, that the Court issue a protective order prohibiting the government from using Paige's discovery responses and testimony in this case in

any subsequent criminal proceeding. Kent Ries, plaintiff and trustee, filed his response asserting that, under the circumstances of this case, it is improper to grant either a stay or a protective order. In addition, Ries has moved for an order compelling Paige to appear for a deposition.

The dispute here arises out of Paige's desire to preserve his Fifth Amendment privilege for a possible criminal prosecution. Paige states that he wants to testify in the present adversary action to defend the claims made by Ries but, if he does, it will potentially prejudice his defense to a potential criminal action. The Court notes the irony of Paige's argument: the same testimony is helpful in the civil action before this Court but is, apparently, prejudicial in a criminal proceeding.

The claims made by Ries in this adversary proceeding are based upon Paige's taking and selling of four classic cars that were ostensibly under Ries's control as the chapter 7 trustee in Paige's bankruptcy case.[1] Under the terms of a settlement agreement between Ries and Paige (and others), Ries, as trustee, succeeded to all rights of ownership in Bobladon, Ltd., an entity owned and controlled by Paige, and the owner of approximately thirty classic automobiles and motorcycles. After the parties entered into the settlement agreement and, indeed, after the bankruptcy court approved the settlement agreement, Paige sold the cars through an auction house for $648,500. As described in the Court's March 28, 2007 Memorandum Opinion, Ries discovered what Paige had done and was able to recover the $648,500 for the benefit of the bankruptcy estate.

---

[1] For a statement of the facts that give rise to this adversary proceeding, see the Court's March 28, 2007 Memorandum Opinion that was issued on the motion by Ries, as chapter 7 trustee, requesting that the Court sanction Paige for his unauthorized taking and selling of four classic cars.

The Court sanctioned Paige $80,000 for his conduct. Concerned that Paige's conduct might constitute a crime, the Court forwarded its Memorandum Opinion to the United States Attorney, as required by 18 U.S.C. § 3057. The Court advised the parties that such action had been taken.

As stated above, Paige requests that the Court either (1) stay this adversary proceeding until all potentially applicable criminal limitations have run, or (2) issue a protective order that, in effect, prevents the government in a future criminal case from using any of Paige's testimony before this Court that would be harmful to his defense in a criminal action.

Paige is making an extraordinary request of this Court. Were the Court to issue a stay, the delay caused by such a stay may very well last several years. If the Court issues a protective order as contemplated by Paige, the Court will, in effect, be granting Paige a form of immunity in a potential criminal action. The Court does not have the power to grant a bankruptcy witness *de facto* immunity. *See United States v. Janet Greeson's A Place For Us., Inc.*, 62 F.3d 1222, 1226-27 (9th Cir. 1995); *Grand Jury Proceedings (Williams) v. United States*, 995 F.2d 1013, 1015-20 (11th Cir. 1993); *United States v. (Under Seal)*, 836 F.2d 1468, 1471-78 (4th Cir. 1988), *cert. denied*, 487 U.S. 1240 (1988).[2]

In assessing the Court's obligation in light of Paige's request, the Court must "measure[] the relative weights of the parties' competing interests with a view toward accommodating those interests, if possible." *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084, 1088 (5th Cir.

---

[2]A witness in a bankruptcy proceeding that is concerned with his or her Fifth Amendment privilege may seek immunity through the United States attorney in accordance with 11 U.S.C. § 344 and 18 U.S.C. § 6003. The request for immunity must be made by the United States attorney. 18 U.S.C. § 6003(a) and (b). A court of the United States shall, upon such request, issue an order requiring that a witness testify under a grant of immunity. 18 U.S.C. § 6002.

1980). In *Wehling*, the Fifth Circuit was faced with the question of whether the district court's dismissal of the plaintiff's libel lawsuit, based on his refusal to answer the defendant's discovery requests which sought to establish a truth defense, was proper. *See generally id.* In deciding the question, the court emphasized that "'[w]hile it may be true that an individual should suffer no penalty for the assertion of a constitutional right, neither should third parties sued by that individual who have no apparent interest in the criminal prosecution, be placed at a disadvantage thereby.'" *Id.* at 1088 (quoting *Jones v. B. C. Christopher & Co.*, 466 F.Supp. 213, 227 (D. Kan. 1979)). Although the *Wehling* court was addressing a situation involving a plaintiff who asserted his Fifth Amendment privilege, it mentioned that it did not draw a distinction between a civil plaintiff who invokes his constitutional right to silence and a civil defendant who does so. *Id.* at 1089 n. 10. Accordingly, a civil plaintiff should not be placed at a disadvantage when the self-incrimination privilege is claimed by the civil defendant. *See id*.

The Fifth Circuit reversed the district court's dismissal of Wehling's suit and directed the trial court to enter a protective order staying discovery until the criminal statute of limitation expired. *Id.* at 1089. Such relief, the court held, was preferable to forcing the plaintiff to choose between his silence and his lawsuit, especially when the defendant would suffer no undue hardship as a result of the relief and the plaintiff would be preserved from "*unnecessary* adverse consequences[.]" *Id*.

The Court will not grant a stay in this case. First, Paige does not dispute that he sold the four cars. He admitted such fact in connection with the motion for sanctions. He has likely, at least in part, waived his right to silence. Second, a stay will potentially delay this adversary proceeding and this bankruptcy case for several years. This bankruptcy case has been pending

since February 6, 2004.  While this is a complicated bankruptcy case in many respects, it has been pending far too long.  The delay that could occur here flies in the face of the bankruptcy court's goal of efficient, economical, and prompt administration of the bankruptcy estate.  Such goal is the trustee's, as well.  This litigation needs to proceed as expeditiously as possible.  Next, it must be noted that Paige made the decision to file this chapter 7 case, to enter into the settlement, and to sell the four cars.  Equities do not warrant a stay.  It is hard for this Court to fathom how Paige's helpful testimony here is potentially hurtful in any criminal action and, most important, while the Court recognizes that Paige may have a legitimate concern regarding a potential criminal action, there is not, at present, a pending criminal proceeding against Paige.

The stay of a pending civil action until completion of a related criminal proceeding, if one exists, is an extraordinary remedy.  *First Heights Bank v. Piperi*, 137 B.R. 644, 646-47 (Bankr. S.D. Tex. 1991).  The facts of this case do not warrant such a remedy.

As stated above, Ries, in addition to opposing Paige's request for a stay or a protective order, requested that Paige appear for a deposition.  No argument or evidence was presented on this issue.  The Court assumes, however, that its disposition of Paige's requests resolves any questions concerning Paige's obligation to testify.  The Court will deny the request to issue an order compelling that Paige proceed with discovery, but will do so without prejudice.  The Court will not tolerate any attempts to further delay discovery or trial.

Upon the foregoing, it is hereby

ORDERED that defendant Robert W. Paige's request for a stay of proceedings or for a protective order is denied; it is further

ORDERED that plaintiff Kent Ries's request for an order compelling Paige's testimony is denied without prejudice to reurging.

### End of Memorandum Opinion and Order ###